981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Uribel PEREZ-GARCIA, aka: Urbeil Garcia Perez, Defendant-Appellant.
 No. 92-50058.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 7, 1992.
Decided Dec. 28, 1992.
 
 Before JAMES R. BROWNING, SCHROEDER and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Uribel Perez-Garcia appeals his conviction after entry of a conditional guilty plea to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). He appeals the district court's denial of his motion to suppress evidence.
 
 
 3
 The appellant contends that the district court erred in denying his motion to suppress when it found that the warrant affidavit established probable cause to search an apartment at 12352 Runnymede. The background is as follows.
 
 
 4
 In September of 1991, Anaheim investigator R.C. Smith filed an affidavit with a request for a search warrant on 12352 Runnymede, Apartment No. 1, Los Angeles, California. After setting out the background and experience of the police officer, the affidavit described a federal and state investigation of Camilo Cruz for cocaine distribution. On several occasions, Cruz was observed driving a grey pickup truck, which contained large cardboard boxes. He and several other men were observed switching cars and removing boxes from the truck. Search warrants for the delivery location of the boxes had yielded cocaine.
 
 
 5
 On August 16, 1991, investigators saw Cruz drive a pickup truck with two boxes and pass the boxes to an unidentified male in a white pickup truck, who delivered these boxes to a residence on Harvest Moon Street in Valinda, California. There a search pursuant to a search warrant revealed fifty kilograms of cocaine.
 
 
 6
 On August 30, 1991, investigators saw Cruz leave his residence in the same pickup truck. He was followed by Edilberto Guzman. The two parties joined two other men in a parking lot and gave them the keys to the pickup truck. The two unidentified men headed to 9345 Ramona in Rosemead, California. A search executed pursuant to a warrant after the truck had gone to that address yielded a thousand pounds of cocaine.
 
 
 7
 On September 2, 1991, Cruz left his residence in the same truck, with Guzman as passenger. They parked the vehicle. A man, unknown to the investigators, later entered the vehicle and drove it to 12352 Runnymede. This unknown man removed a large cardboard box from the back of the truck and placed it in the garage at 12352 Runnymede. This unidentified man was later identified as appellant Perez-Garcia.
 
 
 8
 The affidavit also set forth the officer's conclusions about the frequency of car switching during drug deals, and the use of residences for storage in drug deals. The affidavit described the usual pattern of car switching by cocaine dealers, and stated that cocaine is generally packed in suitcases or boxes or plastic bags, and that narcotic dealers frequently keep narcotics paraphernalia in their homes.
 
 
 9
 The central question in this appeal is whether the officers possessed probable cause to search for cocaine even though they never saw cocaine in the large cardboard boxes and never found boxes containing cocaine in any of the residences. Appellant argues that the affidavit lacked probable cause because (1) it did not establish a connection among the Ramona Street, the Harvest Moon Street, and the Runnymede Street residences; (2) there was no evidence that the cardboard boxes in the Ramona Street and the Harvest Moon Street residences contained cocaine; and (3) there was no evidence that the box at Runnymede Street contained cocaine.
 
 
 10
 Appellant is correct that there is no evidence from any of the searches that the large cardboard boxes contained cocaine. However, at the time of application for the search warrant, police officers had found cocaine at two residences visited by the pickup truck. Moreover, police officers had witnessed the car switching common to drug deals. There was no apparent legitimate explanation for these maneuvers. Police had also linked Perez-Garcia to a drug dealer.
 
 
 11
 In similar circumstances in United States v. Rodriguez, 869 F.2d 479 (9th Cir.1989), a search was conducted of two residences connected by a delivery of boxes from a van. We found probable cause to search both residences, even though the surveillance officers had never spotted cocaine in the boxes. In this case, the totality of the circumstances set forth in the affidavit provided a substantial basis for the issuing judge to conclude that the cocaine was present on the premises. Illinois v. Gates, 462 U.S. 213, 237 (1983). The district court therefore properly denied appellant's motion to suppress.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3